**Thomas HAGEN, aka Israel Mizrahi,
Plaintiff—Appellee,**

v.

**Kamal Abdul JABAR; Lon Moskowitz,
Defendants—Appellants.**

**No. 01–56437.**

**D.C. No. CV–00–06320–FMC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 20, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

### MEMORANDUM **

Kamal Abdul–Jabbaar[1] and Lon Moskowitz (together "Appellants") appeal the district court's denial of summary judgment based on qualified immunity. Appellants argue that the district court, in adopting the magistrate judge's report and recommendation, did not apply the correct qualified immunity test as announced in *Saucier v. Katz*.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We affirm.

Because the parties are familiar with the facts, we do not recite them here. In adopting the magistrate judge's report and recommendation, which was issued before *Katz*, the district court could not have applied the newly refined test. However, the error in this case was harmless; Appellants were not entitled to qualified immunity even under *Katz* because they could not have believed it was reasonable for them to deny Thomas Hagen the right to attend religious services.

### I. *The* Katz *Two–Prong Test*

In *Katz*, the Supreme Court announced a refined, two-part, qualified immunity

---

* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The correct spelling of Jabbaar differs from the above-titled caption.

2. 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

3. *Behrens v. Pelletier*, 516 U.S. 299, 305–07, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

test.[4] A court faced with a qualified immunity claim must first ask: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[5] If so, the court should then move to the second prong, which asks whether the constitutional right was "clearly established."[6] The Supreme Court said a "clearly established" right is one where a "reasonable officer" clearly would be aware that "his conduct was unlawful."[7]

## II. Hagen's Constitutional Right to Free Exercise of Religion is Clearly established

Taking the facts as Hagen alleges them, Appellants violated his First Amendment constitutional right when they denied Hagen the opportunity to attend religious services.[8] In the interests of safety or to further their penological interests,[9] Appellants could have limited Hagen to Jewish services, his proffered "sincere religious belief."[10] However, they were not entitled to deny him the right to attend Jewish services until he made an affirmative choice of one religion over the other. Therefore, taking the facts as Hagen alleges, he satisfied the first prong of *Katz*: Appellants violated his constitutional right to free exercise of religion.

## III. Denying Hagen the right to attend Jewish services was not reasonable

Moving on to the second prong, we do not find that it was reasonable for Appellants to believe they could deny Hagen's clearly established right of attending the Jewish services. Hagen claims that he informed Appellants of his Jewish faith and that he attended Muslim services for only "academic purposes." Because we view the facts in a light most favorable to Hagen, we hold that denying Hagen the right to attend Jewish services was unreasonable.

Hagen had a right to attend Jewish services because he held a sincere religious belief in the Jewish faith.[11] Even if Appellants attempted to assist Hagen in selecting one religion, it was not necessary to deny him access to both religious services.

For safety or valid penological interests, Appellants may deny access to religious services for academic purposes.[12] Again, Appellants could perhaps have protected those interests by revoking only Hagen's attendance at Muslim services. No valid penological interest justified Appellants in denying Hagen the right to attend both Jewish and Muslim services. Because we hold that their conduct was not reasonable, Appellants fail the second prong of *Katz*.

4. 533 U.S. at 207–08, 121 S.Ct. 2151.

5. *Id.* at 201, 121 S.Ct. 2151.

6. *Id.*

7. *Id.* at 202, 121 S.Ct. 2151.

8. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (stating that an inmate has a First Amendment right to be free from rules that prohibit his right to free exercise).

9. *Id.* (stating that an inmate's right to free exercise can be limited by security or valid penological interests).

10. *See Callahan v. Woods,* 658 F.2d 679, 683 (9th Cir.1981) (holding that protection under the free exercise clause requires a sincere religious belief).

11. *See id.*

12. *See O'Lone,* 482 U.S. at 348, 107 S.Ct. 2400.

Thus, Appellants are not entitled to qualified immunity.

AFFIRMED.